UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**JARRED SOWERS**,

                Plaintiff,

– against –

**SHERRIFF LAROCA**,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

24-CV-6540 (AMD) (ST)

**ANN M. DONNELLY**, United States District Judge:

On September 6, 2024, the *pro se* plaintiff, who is currently incarcerated at the Nassau County Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 4, 2024, the plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 6.). The plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the following reasons, the complaint is dismissed with leave to file an amended complaint.

## BACKGROUND

The plaintiff alleges that he was eating lunch on August 5, 2024, when he "started to choke on something hard that didn't feel like food going down." (ECF No. 1 at 4.) Medical staff came to the unit and took his vitals and ordered x-rays. (*Id.*) On August 6, 2024, the plaintiff "started having severe stomach pains … and noticed there was blood in [his] stool." (*Id.*) He

was sent to the medical unit where x-rays revealed "a piece of metal" in his stomach.  (*Id.*)  The plaintiff seeks unspecified damages against a single named defendant.[1]  (*Id.* at 5.)

## LEGAL STANDARD

In general, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

The pleadings of *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nonetheless, the Prison Litigation Reform Act requires a district court to screen any civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, a district court must dismiss an *in forma pauperis* action if the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see id.* § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983, which "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution."  *Cornejo v.*

---

[1] The Nassau County Sheriff is Anthony LaRocco.

*Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

The plaintiff's claim that there was metal in his food sounds in negligence, which does not form the basis for a constitutional violation under either the Eighth Amendment or the Fourteenth Amendment.² *See Taylor v. NYCDOC*, 19-CV-4874, 2020 WL 4738270, at *2 (E.D.N.Y. Aug. 12, 2020); *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." (emphasis in original) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (holding that a constitutional violation of the Eighth Amendment based on conditions of confinement "entails something more than mere negligence").  Indeed, several courts have held that "the federal Constitution does not afford plaintiff a remedy for the alleged negligence in leaving a piece of metal in the food." *Jones v. Nassau Cnty. Corr. Facility*, No. 86-CR-2710, 1987 WL 20314, at *1 (E.D.N.Y. Nov. 4, 1987); *see also Diaz v. Littlefield*, No. 88-CV-3349, 1989 WL 8942, at *1 (S.D.N.Y. Jan. 27, 1989) ("The factual allegations of the complaint, relating to an incident in which plaintiff found metal in his food, may or may not state a cause of action for negligence under State law, but do not appear to rise to the level of a violation of Constitutional right."); *Hall v. San Bernardino Cnty. Sheriff*, No. 23-CV-325, 2023 WL 2653352, at *2 (C.D. Cal. Mar. 27, 2023).  Therefore, the

---

² It is not clear whether the plaintiff is a pre-trial detainee, entitling him to the protections of the Fourteenth Amendment, or whether he is serving a post-conviction sentence, entitling him to the protections of the Eighth Amendment.

plaintiff's allegation that he swallowed a piece of metal does not state a claim on which relief can be granted.

Furthermore, in order to recover damages against an individual defendant under section 1983, the plaintiff must allege that the defendant was directly or personally involved in the claimed constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). The plaintiff does not allege that the Nassau County Sheriff was personally involved with, had knowledge of or responsibility for the claimed constitutional injury. Accordingly, his claim fails as a matter of law. *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## CONCLUSION

The complaint is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days from the entry date of this Order. The plaintiff must allege facts that show what each named defendant did or did not do that violated the plaintiff's constitutional rights, including the dates and locations for each relevant event. The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 2:24-CV-6540 (AMD) (ST).

     If the plaintiff does not file an amended complaint within 30 days or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close this case. The Clerk of Court is respectfully requested to send a copy of this Order to the plaintiff along with a prisoner's civil rights complaint form and to note the mailing on the docket.

     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                      s/Ann M. Donnelly
                                                                ANN M. DONNELLY
                                                                United States District Judge

Dated: Brooklyn, New York
         October 28, 2024