UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**JARRED SOWERS**,                                             :
                                                               :
                      Plaintiff,  :
                                                               :   **MEMORANDUM DECISION AND**
                                                               :   **ORDER**
       – against –                                     :
                                                               :   24-CV-6540 (AMD) (ST)
                                                               :
                                                               :
**NASSAU COUNTY CORRECTIONAL**                                 :
**CENTER, C/O ANTHONY LARROCO,**                               :
**C/O JOHN HOOPER; NASSAU COUNTY**                             :
**SHERIFF'S DEPARTMENT**,                                      :
                                                               :
                      Defendants.  :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 6, 2024, the *pro se* plaintiff, who is currently incarcerated at the Nassau County Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 4, 2024, the plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 6.) On October 28, 2024, the Court granted the plaintiff's application to proceed *in forma pauperis* and dismissed the complaint with leave to file an amended complaint within 30 days. (ECF No. 10.) On November 20, 2024, the plaintiff filed an amended complaint. (ECF No. 12.) As explained below, the plaintiff has not cured the pleading deficiencies of the original complaint. Accordingly, the complaint is dismissed.

## BACKGROUND

In the amended complaint, the plaintiff makes the same factual allegations he made in the original complaint. He says that in early August 2024 he suffered severe stomach pain after eating a meal at the Nassau County Correctional Center. (ECF No. 12 at 4.) An x-ray showed

that he swallowed a piece of metal. (*Id.*) The amended complaint makes three changes. First, the plaintiff adds new defendants, in addition to Anthony LaRocco (misspelled as Larrocco), to the caption: the Nassau County Correctional Center, the Nassau County Sherriff's Department, and John Hooper. Second, the plaintiff makes a new allegation: that the "Sheriff's Department staff failed to properly monitor and maintain a safe and healthy environment, which exposed me to great bodily harm." (*Id.*) Third, the plaintiff clarifies that he seeks $5 million in damages. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

The pleadings of *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a district court must dismiss an *in forma pauperis* action if the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be

2

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* § 1915(e)(2)(B)(i) –(iii).

## DISCUSSION

The Court dismisses the amended complaint for substantially the same reasons that it dismissed the original complaint — because the amended complaint does not state a claim pursuant to 42 U.S.C. § 1983.  Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"  *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

The plaintiff's claim that there was metal in his food sounds in negligence, which does not form the basis for a constitutional violation under either the Eighth Amendment or the Fourteenth Amendment.[1]  *See Taylor v. NYCDOC*, 19-CV-4874, 2020 WL 4738270, at *2 (E.D.N.Y. Aug. 12, 2020); *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." (emphasis in original) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998))); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (holding that a constitutional violation of the Eighth Amendment based on conditions of confinement "entails something more than mere negligence").  Courts have held that "the federal Constitution does not afford plaintiff a remedy

---

[1] It is still not clear whether the plaintiff is a pre-trial detainee, entitling him to the protections of the Fourteenth Amendment, or whether he is serving a post-conviction sentence, entitling him to the protections of the Eighth Amendment.

3

for the alleged negligence in leaving a piece of metal in the food." *Jones v. Nassau Cnty. Corr. Facility*, No. 86-CR-2710, 1987 WL 20314, at *1 (E.D.N.Y. Nov. 4, 1987); *see also Diaz v. Littlefield*, No. 88-CV-3349, 1989 WL 8942, at *1 (S.D.N.Y. Jan. 27, 1989) ("The factual allegations of the complaint, relating to an incident in which plaintiff found metal in his food, may or may not state a cause of action for negligence under State law, but do not appear to rise to the level of a violation of Constitutional right."); *Hall v. San Bernardino Cnty. Sheriff*, No. 23-CV-325, 2023 WL 2653352, at *2 (C.D. Cal. Mar. 27, 2023). Therefore, the plaintiff's allegation that he swallowed a piece of metal does not state a claim upon which relief can be granted. Moreover, the plaintiff's allegation that the "Sheriff's Department staff failed to properly monitor and maintain a safe and healthy environment" is a legal conclusion unsupported by any facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do.").

Even if the plaintiff had alleged conduct establishing a constitutional violation, his claim would still fail because he has not named any proper defendants. The Nassau County Correctional Facility and the Nassau County Sheriff's Department are not suable entities. *See Blanton v. Nassau County Sheriff Dep't*, No. 20-CV-768, 2024 WL 1072207, at *6 (E.D.N.Y. Mar. 12, 2024.) To the extent the plaintiff intended to name Anthony LaRocco and John Hooper as individual defendants, he does not allege any facts to show that they were personally involved in any constitutional violation and therefore does not state a claim against either of them. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (the plaintiff must allege that the defendant was directly or personally involved in the claimed constitutional deprivation).

## CONCLUSION

Accordingly, the action is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). Because the Court has already given the plaintiff an opportunity to amend the complaint, leave to amend the complaint again would be futile. *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Clerk of Court is respectfully directed to enter judgment, close this case, send a copy of this Order to the plaintiff, and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
       January 6, 2025